UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARY BELVIN wife of/and** | * | **CIVIL ACTION** |
| **LEE BELVIN** | | |
| **VERSUS** | * | **NUMBER: 07-1035** |
| **THE HOME DEPOT USA, INC.** | * | **SECTION "L" (3)** |

### ORDER AND REASONS

Before the Court is Plaintiff Mary Belvin wife of/and Lee Belvin's Motion to Set Aside Judgment and Grant a New Trial (the "Motion") (Rec. Doc. No. 12). For the following reasons the motion is GRANTED.

### I.     Factual and Procedural Background

This case stems from an alleged trip and fall at a Home Depot store. Plaintiff Mary Belvin alleges that, while shopping in the garden department at the Home Depot store in LaPlace, Louisiana, she tripped over a piece of wood or landscaping material that protruded from a flower display which resulted in severe and disabling injuries.

The Plaintiffs commenced this action by faxing a copy of their complaint to the Clerk of Court for the Fortieth Judicial District Court for the Parish of St. John the Baptist on March 15, 2006. The Plaintiffs failed to pay the required fax filing fees until December 20, 2006, approximately nine months after the original filing. The Defendant removed the case to this Court in February, 2007.

On May 7, 2007, the Defendant moved to dimiss the case pursuant to Rule 12(b)(6) arguing that the Plaintiffs' claims prescribed because the Plaintiffs failed to pay the fax filing fee and original filing fees within the time allowed, and, as a result, the filing had no effect pursuant

to La. R.S. 13:850 and La. C.C. art. 3492 (Rec. Doc. No. 6). The Plaintiff failed to file an opposition to this motion. The Court then granted the Defendant's motion as unopposed and as grounded in law and fact and dismissed the case with prejudice (Rec. Doc. No. 9). On June 6, 2007, the Court entered judgment on behalf of the Defendant (Rec. Doc. No. 10).

**II.   The Motion**

The Plaintiffs filed the Motion on June 14, 2007 asking the Court to set aside the judgment and grant a new trial. The Plaintiffs' counsel argues that he was preparing to file opposition papers on June 4, 2007 when he received notification that the Court granted the Defendant's motion to dismiss and that this failure to timely file opposition papers was excusable neglect within the terms of Rule 60(b). Plaintiffs also argue that the facts upon which the Defendant based its arguments in its motion to dismiss were adjudicated by the state court and could not be relitigated. Finally, Plaintiffs argue that their motion to remand was pending and that the Court lacked jurisdiction to grant the Defendant's motion to dismiss.

In response, the Defendant argues that Plaintiffs' motion is properly treated as a motion to alter or amend a judgment under Rule 59 of the Federal Rules of Civil Procedure, and that Plaintiffs' motion fails to properly address the standards for reconsideration under Rule 59.

**III.   Law and Analysis**

Plaintiff states that the Motion is based on Rules 59 and 60 of the Federal Rules of Civil Procedure. A Rule 59(e) motion is a motion to alter, amend, or vacate the Court's judgment, and a Rule 60(b) motion is a motion for relief from judgment. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993). Under Rule 59(e), a court may reopen a case that has gone to final judgment if a party demonstrates a manifest error of law or fact or newly discovered evidence. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). The motion should

be used sparingly, and the motion is not a proper vehicle for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 478-79. Granting a motion for reconsideration is an "extraordinary remedy." *Port Sulfur Baptist Church v. State Farm Fire & Cas. Co.*, Civ. A. No. 06-8724, 2007 WL 519271, *1 (E.D. La. Feb. 14, 2007) (*citing Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, No. 04-30142, 2004 WL 2554847, *4 (5th Cir. Nov. 11, 2004)).

Under Rule 60(b), a party may seek relief of judgment for any reason justifying such relief, including the Rule's enumerated reasons like mistake and excusable neglect. Fed. R. Civ. P. 60(b). In particular, when evaluating a Rule 60(b) motion, the Court should balance the need for finality of judgment against the need to render just decisions, based upon the operable facts. *Bohlin*, 6 F.3d at 356. Upon review of the Plaintiffs' brief and the applicable case law, it is the Court's belief that the proper procedural vehicle in this case is Rule 59(e). *Days v. Johnson*, 322 F.3d 863, 856 n.3 (5th Cir. 2003) ("[A]ny motion seeking reconsideration of a district court's judgment within ten days of its entry is considered a Rule 59(e) motion to alter or amend the judgment.").

The Court signed the Order to dismiss this case on June 1, 2007. However, the Order was not placed on the docket until June 4, 2007. During that time, the Plaintiff filed a motion to remand arguing that the amount in controversy does not exceed $75,000, as required by 28 U.S.C. § 1441. "Without jurisdiction the court cannot proceed at all in any case. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to a court is that of announcing the fact and dismissing the cause." *Hix v. U.S. Army Corps of Engineers*, 155 Fed. Appx. 121, 127 (5th Cir. 2005) (*quoting Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1995)). In light of the unique circumstances of this case and the fact that the

Plaintiffs raised jurisdictional issues prior to the parties being notified of the Court's Order to dismiss, it is prudent to allow the Plaintiffs and Defendant to address such jurisdictional issues.[1]

## IV.  Conclusion

Accordingly, the Plaintiffs' Motion to Set Aside Judgment and Grant a New Trial is GRANTED.  IT IS FURTHER ORDERED that the Court's June 1, 2007 Order of dismissal with prejudice is hereby VACATED, and the Clerk is ordered to reopen the case on the Court's docket.

IT IS FURTHER ORDERED that the Plaintiffs shall file their opposition, if any, to the Defendant's motion to dismiss immediately.  Furthermore, IT IS ORDERED that the Defendant's motion to dismiss (Rec. Doc. No. 6) shall be set for hearing on August 29, 2007 at 9:00 a.m.

IT IS FURTHER ORDERED that the Plaintiffs' motion to remand (Rec. Doc. No. 8) shall be set for hearing on August 29, 2007 at 9:00 a.m.

New Orleans, Louisiana, this 1st day of August, 2007.

_____

UNITED STATES DISTRICT JUDGE

---

[1] The Court cannot condone, however, Plaintiffs' counsel's argument that he misread the applicable deadlines for filing a response.  To the extent that Messrs. Abel and McQuaig view their error as excusable neglect under Rule 60(b), they are mistaken.  The Fifth Circuit has held that an attorney's failure to understand and comply with the relevant filing deadlines set by the Local Rules does not constitutes excusable neglect under Rule 60(b).  *See Martin v. Akzo Nobel Polymer Chemicals LLC*, 180 Fed. Appx. 519, 521 (5th Cir. 2006).  The Court advises Messrs. Abel and McQuaig to be mindful of relevant deadlines as this case progresses.