UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARY BELVIN wife of/and** | * | **CIVIL ACTION** |
| **LEE BELVIN** | | |
| **VERSUS** | * | **NUMBER: 07-1035** |
| **THE HOME DEPOT USA, INC.** | * | **SECTION "L" (3)** |

## ORDER & REASONS

Before the Court is Plaintiff Mary Belvin wife of/and Lee Belvin's Motion to Remand (the "Motion") (Rec. Doc. No. 8). For the following reasons the motion is DENIED.

**I.      Factual and Procedural Background**

This case stems from an alleged trip and fall at a Home Depot store. Plaintiff Mary Belvin alleges that, while shopping in the garden department at the Home Depot store in LaPlace, Louisiana, she tripped over a piece of wood or landscaping material that protruded from a flower display which resulted in severe and disabling injuries.

The Plaintiffs commenced this action by faxing a copy of their complaint to the Clerk of Court for the Fortieth Judicial District Court for the Parish of St. John the Baptist on March 15, 2006. The Plaintiffs failed to pay the required fax filing fees until December 20, 2006, approximately nine months after the original filing. The Defendant removed the case to this Court in February, 2007.

On May 7, 2007, the Defendant moved to dimiss the case pursuant to Rule 12(b)(6) arguing that the Plaintiffs' claims prescribed because the Plaintiffs failed to pay the fax filing fee and original filing fees within the time allowed, and, as a result, the filing had no effect pursuant to La. R.S. 13:850 and La. C.C. art. 3492 (Rec. Doc. No. 6). The Plaintiff failed to file an

opposition to this motion. The Court then granted the Defendant's motion as unopposed and as grounded in law and fact and dismissed the case with prejudice (Rec. Doc. No. 9). On June 6, 2007, the Court entered judgment on behalf of the Defendant (Rec. Doc. No. 10).

The Plaintiffs, on June 14, 2007, moved to set aside the judgment and grant a new trial (Rec. Doc. No. 12). The Court granted Plaintiffs' motion and reopened their case and ordered that the Plaintiffs file a response to the Defendant's motion to dismiss and set the Defendant's motion to dismiss and the Plaintiffs' motion to remand for hearing.

**II.    The Motion**

The Plaintiffs argue that while complete diversity exists, the Plaintiffs do not claim damages in excess of $75,000. Specifically, the Plaintiffs argue that the complaint does not allege claims exceeding $75,000, nor have the Plaintiffs asked the Court to "authorize any procedures–such as trial by jury–that would require the Belvins to make a claim exceeding that amount." Pl.'s Memo. in Support, p. 2 (Rec. Doc. No. 8).

Defendant opposes the Motion arguing that the Plaintiffs' allegations are sufficient to make the required showing that it is facially apparent that Plaintiffs' claims are likely above the $75,000 threshold. In their complaint, the Plaintiffs alleged that Ms. Belvin suffered injuries that required surgical intervention and extensive physical therapy, and there are several reported decisions where a plaintiff has received in excess of the $75,000 threshold when surgery involving the spine or knee was involved.

**III.   Law and Analysis**

The uncertainty regarding the amount in controversy arises in this case because "Louisiana prohibits plaintiffs from claiming a specific dollar amount of damages." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). "When the plaintiff's complaint does

not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy" is sufficient to meet statutory requirements. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). "The defendant may make this showing in either one of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support the finding of the requisite amount.'" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). "Removal, however, cannot be based on simply conclusory allegations." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Here the Plaintiffs have alleged that as a result of the slip and fall "Mary Belvin suffered personal and disabling injuries to her knee, back, spine and body as a whole which required surgical intervention and extensive physical therapy." *See* Pls.' Complaint, at ¶ VIII. Further, Plaintiffs allege that Ms. Belvin has suffered damages, including: past, present and future medical expenses; past, present and future pain and suffering; past, present and future mental anguish and distress; past, present and future loss of life's pleasures and enjoyment; and past, present and future disabilities and/or permanent physical impairment. *See id.* at ¶ VIII. Additionally, Plaintiff Lee Belvin has alleged damages for loss of consortium. *See id.* at ¶ IX. The Defendant argues that the Plaintiffs' allegations make it facially apparent that the amount in controversy is met in this case, and the Court agrees.

In *Gebbia v. Wal-Mart Stores, Inc.*, the plaintiff alleged injuries and damages similar to what is alleged here: injuries to her wrist, knee and patella, and upper and lower back. 233 F.3d 880, 881 (5th Cir. 2000). The Fifth Circuit held that these allegations made it facially apparent that the plaintiffs claimed damages exceeded $75,000. *Id.* at 883; *see also Lowery v. J.C.*

Case 2:07-cv-01035-EEF-DEK   Document 24   Filed 08/30/07   Page 4 of 5

*Penney Corp., Inc.*, 2006 WL 3827527, *2 (W.D. La. Dec. 28, 2006) (holding where plaintiff alleged serious injuries to her back, neck, head, shoulders, arms, and other areas of her body and alleging damages including pain and suffering, mental anguish, and emotional distress it was facially apparent that amount in controversy exceeded $75,000).  Here, the Plaintiffs have allegedly sustained similar injuries and damages and have alleged that Ms. Belvin has received surgery and extensive physical therapy as a result of her injuries.  Given the nature of the Plaintiffs' claims and damages, the Court finds that it is facially apparent that the amount in controversy exceeds the requisite jurisdictional amount.

In the event that the defendant is able to meet its burden of showing that the amount in controversy exceeds $75,000, the plaintiff must establish with legal certainty that her claims are for less than $75,000 in order to defeat removal.  *See DeAguliar v. Boeing, Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995) (hereinafter *DeAguliar II*).  The Fifth Circuit has stated that a plaintiff that wants to prevent removal must file some kind of binding stipulation or affidavit with their complaint.  *Id.* at 1412 n.10.  "Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him."  *Davis v. State Farm Fire & Cas.*, Nos. 06-560, et al., 2006 WL 1581272, at *2 (E.D. La. June 7, 2006).  Here, the Plaintiffs have not affirmatively renounced their right to accept a judgment in excess of $75,000 in their complaint, nor have the Plaintiffs submitted any affidavits that their damages do not exceed $75,000.  There are simply conclusory statements in the Motion that their claims do not exceed the jurisdictional threshold.

**IV.     Conclusion**

Accordingly, the Plaintiffs' Motion to Remand is DENIED.

New Orleans, Louisiana, this 29th day of August, 2007.

                                        UNITED STATES DISTRICT JUDGE